UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ERIC D. SMITH, )
)
        Petitioner, )
v. ) No. 2:10-cv-292-WTL-DML
)
SUPERINTENDENT BASINGER, )
)
        Respondent. )

**Entry Discussing Petitioner's Motion
for Funds to Take Polygraph Examination**

This is an action for habeas corpus relief brought by Eric Smith, a state prisoner, pursuant to 28 U.S.C. § 2254(a). Smith challenges the validity of a prison disciplinary proceeding. The action is not yet fully at issue.

The matter presently before the court is Smith's motion for funds to take a polygraph examination. He supports this motion by explaining that he is indigent and by identifying the cost of the test he proposes and the business which could perform the test. He does not, however, support his motion with any suggestion of what the requested test would establish or how that information could be relevant to the court's adjudicative responsibilities in this case. The motion (dkt 6) is **denied** on this basis.

Additionally, the motion is **denied** because there is no due process right to a lie-detector test or other forensic examination at a prison disciplinary hearing as a matter of law. *See Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient); *Allen v. Purkett,* 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding that prison officials were not required to provide additional urinalysis by impartial laboratory to corroborate reports about prisoner's drug use)

Even if a polygraph examination is performed and Smith's responses were deemed exculpatory, moreover, this would be but one factor which the hearing officer or conduct board could now consider in determining whether Smith was guilty of the charged misconduct. That determination is the task of the fact-finder, not a federal court exercising habeas corpus jurisdiction. *See Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996). This would not establish Smith's entitlement to prevail here, "because the 'some evidence'

standard [of *Superintendent of Walpole v. Hill,* 472 U.S. 445, 105 S. Ct. 2768 (1985)] . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board." *Id.* Accordingly, "it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion." *Id.* (quoting *Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)).

"Nothing in *Wolff* [*v. McDonnell,* 418 U.S. 539 (1974),] absolutely requires prison officials to . . . administer costly polygraph examinations to those charged with disciplinary violations." *U.S. Ex Rel. Wilson v. DeRobertis,* 508 F. Supp. 360 (N.D.Ill. 1981). Nothing in Smith's motion suggests that such a procedure is appropriate in a habeas action wherein the narrow review authorized by *Wolff* is undertaken or that, if undertaken in this case, the results would entitle him to relief.

**IT IS SO ORDERED.**

Date: 12/07/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC D. SMITH
DOC #112675
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 1111
CARLISLE, IN 47838-1111

Pamela Sue Moran
pamela.moran@atg.in.gov