**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

ERIC D. SMITH,                )
                              )
            Petitioner,       )
                              )
v.                            )        No. 2:10-cv-292-WTL-DML
                              )
SUPERINTENDENT BASINGER,      )
                              )
            Respondent.       )

**E N T R Y**

The petitioner seeks the appointment of counsel pursuant to provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Coleman v. Thompson*, 111 S. Ct. 2546, 2568 (1991); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require," 18 U.S.C. § 3006A(a)(2)(B), and 28 U.S.C. § 1915(e)(1) authorizes the court to recruit counsel in civil actions brought *in forma pauperis*. *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-31 (9th Cir. 1986). With respect to section 3006A, unless an evidentiary hearing must be held, the decision to appoint counsel is discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The court must appoint counsel to prevent the denial of due process, *Brown v. U.S.*, 623 F.2d 54, 61 (9th Cir. 1980), and where the petitioner is a person of such limited education as to be incapable of presenting his claims in such a way that the court can afford him a fair hearing. *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Application of the foregoing factors in this case indicates that the petitioner's claims are not particularly complex, that there is no likelihood that an evidentiary hearing will be necessary, that no discovery or other investigation will be required, that due allowance to the petitioner's *pro se* status will be made and that the petitioner has at least thus far demonstrated exceptional ability to express and present his claims. In addition, the petitioner has the means (writing materials, etc.) to continue to present his claims in this action, the petitioner is literate and seems fully aware of the proceedings involving his conviction and sentence in the Indiana state courts, and although an order to show cause is being issued, the respondent has not yet filed an answer to the petition, meaning that the court and the petitioner do not yet know whether, and to what extent or on what basis, his claims for relief are contested here. These are not circumstances in which it is in the

interest of justice to appoint counsel for the petitioner, and for this reason his motion for appointment of counsel (dkt 13) is **denied.**

    **IT IS SO ORDERED.**

*William T Lawrence*

Date: 12/16/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ERIC D. SMITH
DOC #112675
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 1111
CARLISLE, IN 47838-1111

Pamela Sue Moran
pamela.moran@atg.in.gov